HORTON, Justice, concurring.
I join in the Court's opinion. I write separately for one reason: to address the windfall that Jackson stands to receive by reason of his attorney's actions, or more accurately, inaction. As the Court's opinion indicates, on February 4, 2013, Jackson filed a voluntary petition for Chapter 7 bankruptcy. His petition identified his claim against Crow as an asset. He was granted a discharge on June 4, 2013, relieving him of his financial obligations to more than 75 creditors. On June 26, 2013, the bankruptcy trustee requested that the bankruptcy court approve employing Jackson's attorney as special counsel to pursue the claim against Crow for the benefit of Jackson's creditors. The next day, the bankruptcy trustee and Jackson's attorney entered into an agreement for legal representation in which Jackson's attorney agreed to represent the bankruptcy trustee's interest in this action. In a verified statement to the bankruptcy court, Jackson's attorney represented that it was his understanding that Jackson and the trustee had "agreed to divide the proceeds of any settlement or judgment between them, after taking into consideration subrogation interest of Boise City" arising from its payment of workers compensation benefits. On August 5, 2013, the bankruptcy court entered its order approving the employment of Jackson's attorney as special counsel.
On January 8, 2014, Crow filed her petition for Chapter 7 bankruptcy and her case was closed in the late spring of 2016.
Despite his employment as special counsel for the bankruptcy trustee, for nearly three years, Jackson's attorney did nothing to pursue Jackson's claim against Crow. As a result of the closure of the parties' bankruptcy cases, in Jackson's attorney's words, "Mr. Jackson's claim reverted back to him as a matter of law free of any interest in it held by the Bankruptcy Estate."
Thus, Jackson stands to reap a windfall in the form of double the recovery that he would have otherwise received by reason of Jackson's attorney's failure to diligently prosecute this claim. This is a factor that the district court may properly consider in evaluating Crow's defense based upon laches, an issue not presented by this appeal.